H. Tim Hoffman, SBN 49141
Arthur W. Lazear, SBN 83603
Morgan M. Mack SBN 212659
**HOFFMAN & LAZEAR**
180 Grand Avenue, Suite 1550
Oakland, CA 94612
Telephone: (510) 763-5700

Attorneys for Plaintiff
SARA ZINMAN

E-filing

FILED
MAY - 8 2009
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA ZINMAN, individually, and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> WAL-MART STORES, INC., and DOES 1 through 100, <br><br> Defendants. | **C09-02045 JL** <br><br> CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION <br><br> [JURY TRIAL DEMANDED] |

ADR

## INTRODUCTION

1. This action arises out of Defendant's pattern and practice of failing to properly compensate a nationwide group of employees who worked for Defendant as Merchandise Assistants, failing to provide these California employees with meal and rest beaks, and failing to reimburse said California employees for business expenses incurred by the employees as required by statute and contract. Plaintiff seeks the following for herself and others similarly situated: an award of unpaid compensation, including but not limited to unpaid overtime; reimbursement of business expenses she incurred; interest; penalties for Defendant's failure to provide meal and rest breaks and failure to pay wages in a timely manner; attorneys fees and costs; equitable relief; and other forms of relief available under California and federal law.

2. Defendant's actions are in violation of California Business and Professions Code §§

Complaint
-1-

17200 et seq., various sections of the California Labor Code, and provisions of the Fair Labor Standards Act ("FLSA"). Defendant's actions also breach explicit and implied contracts between Defendant and Plaintiff as well as explicit and implied contracts between Defendant and members of the purported class.

## PARTIES

3. Plaintiff SARA ZINMAN is an individual residing in the State of California.

4. Plaintiff is informed and believes and thereon alleges that Defendant WAL-MART STORES, INC., (hereinafter "Wal-Mart" or "Defendant") is a corporation doing business in this judicial district, elsewhere in California and the United States. Wal-Mart is headquartered in Bentonville, Arkansas.

5. The term "plaintiff(s)" as used in this complaint means and includes all persons and entities listed and named as Plaintiff in the caption of this complaint, or any amendment thereto, and in the text paragraphs thereof, and include any plaintiff hereafter added by amendment, joinder or intervention. The term "plaintiff(s)" also means and includes both the named plaintiff individually and as representative of the class and any subclass herein described, as well as each member of such class and any subclass.

6. The term "defendant" as used in this complaint means and includes all persons and entities listed and named as a defendant in the caption of this complaint or any amendment thereto and in the text paragraphs thereof, and includes any defendant hereafter added by amendment or otherwise (unless otherwise specified in the amendment).

7. Plaintiff is informed and believes and thereon alleges that Defendant runs a chain of large, discount department stores throughout California and the United States. Defendant employs Merchandise Assistants in positions that do not meet the standards for any state or federal exemption from overtime compensation.

///
///
///

Complaint

-2-

## JURISDICTION AND VENUE

8. Jurisdiction is proper in this Court under 28 U.S.C. §§ 1332 (diversity jurisdiction), 28 U.S.C. §§1331 (controversy arising under United States law), and under FLSA provisions including 29 U.S.C. §§201, 207, 216 and 217. Supplemental jurisdiction to adjudicate issues pertaining to state law is proper in this Court under 28 U.S.C. § 1367.

9. Venue is proper in this Court under 28 U.S.C. §§ 1391(a) because the events that give rise to Plaintiff's claims took place within the Northern District of California.

10. Intradistrict Assignment: Assignment to the San Francisco division is proper because Plaintiff worked in the county of San Mateo.

## FACTS COMMON TO ALL COUNTS

11. Wal-Mart knowingly failed to compensate Merchandise Assistants for overtime and other wages due according to 29 U.S.C. §§ 206 and 207 (FLSA), various sections of the California Labor Code and various California wage orders.

12. Wal-Mart knowingly failed to provide California Merchandise Assistants with meal and break periods due them under California Labor Code §§ 226.7 and 512 and applicable California Wage Orders.

13. Wal-Mart knowingly failed to properly compensate California Merchandise Assistants upon the termination date of those employees who no longer work for Wal-Mart, a violation of California Labor Code §§ 201-203.

14. Wal-Mart knowingly failed to properly reimburse California Merchandise Assistants for expenses related to the employees' job duties in violation of California Labor Code §§ 406, 407 and 2802.

Complaint

-3-

15. Wal-Mart knowingly failed to provide and maintain accurate itemized wage statements for California Merchandise Assistants in violation of California Labor Code § 226.

16. Wal-Mart knowingly failed to provide and maintain accurate time records for California Merchandise Assistants in violation of California Labor Code § 1174.

17. Sara Zinman and all other potential California class members have a legal right to their unpaid compensation, business expenses and penalties. However, Defendant has not yet provided any of these funds to Plaintiff or to any other potential class member.

18. Wal-Mart has not employed Sara Zinman for over 30 days. However, Defendant has not provided Plaintiff nor any other potential class member who is a former California employee of Defendant with the 30 days wages due under California Labor Code § 203.

## CLASS ACTION ALLEGATIONS

19. This action is brought by the named Plaintiff as a class action, on her own behalf and on behalf of all others similarly situated, under the provisions of Rule 23 of the Federal Rules of Civil Procedure.

20. The Class is comprised of two groups of individuals who are divided into two subclasses as follows:

Nationwide Class:

    Any and all individuals who are currently or were employed by Wal-Mart as a Merchandise Assistant within the applicable statutory period.

California Class:

    Any and all individuals who are currently or were employed by Wal-Mart in California as a Merchandise Assistant within the applicable statutory period.

-4-

21. Excluded from the Class are all claims by any persons or entities that have already commenced an individual civil action against Defendant related to the subject matter of this litigation. Also excluded from the Class are the following: Defendants; any parent, subsidiary, affiliate, or controlled person of Defendants; the officers, directors, agents, servants or employees of any of the same; persons whose participation as a class representative or member would require recusal of the hearing officer; and, the members of the immediate families of any such person.

22. This action is being brought and may properly be maintained as a class action under federal and California law.

23. Plaintiffs are unable to state precisely the size of the Class, but they are informed and believe that members of the Class number at least into the hundreds. The Class is sufficiently numerous and dispersed throughout the state and nation that joinder of all its members is impractical.

24. There are numerous common questions of law and fact with respect to Defendant and its compensation/reimbursement of the Class members. Among these questions common to the Class are:

    (a) Whether Defendant provided proper compensation to Merchandise Assistants as required under FLSA and California law;

    (b) Whether Defendant provided proper reimbursement of expenses to California Merchandise Assistants;

    (c) Whether Defendant should be penalized for failing to provide time records and/or accurate wage statements to California Merchandise Assistants;

    (d) Whether Defendant should be penalized for failing to provide full and accurate wages to those California Merchandise Assistants who are no longer employees of Defendant within 72 hours of each employee's termination of

Complaint
-5-

employment;

(e) Whether Defendant should be penalized for failing to provide meal and rest breaks to California Merchandise Assistants;

(f) Whether Plaintiffs and class members are entitled to recover attorneys' fees and costs;

(g) Whether Plaintiffs and class members are entitled to recover equitable relief; and

(h) Whether the employment contracts should be equitably reformed.

25. The only non-common issue is the amount of specific damages for each particular member of the Class; therefore, common questions of law and fact clearly predominate within the meaning of FRCP Rule 23(b). However, much of the damages can readily be calculated using Defendant's records and in a formulaic manner.

26. Class action treatment provides a fair and effectual method for the adjudication of the controversy here described, affecting a large number of persons the joinder of whom is impracticable. The class action provides an effective method whereby the enforcement of the rights of Plaintiffs and members of the Class can be fairly managed without unnecessary expense or duplication.

27. If Class members were to pursue individual litigation, it would be unduly burdensome to the courts within which the individual litigation would proceed. Individual litigation would magnify the delay and expense to all parties in the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court. Concentrating this litigation in one forum would aid judicial economy and efficiency, promote parity among the claims of the individual Class members, and result in judicial consistency. Notice of the pendency and any

Complaint

1 resolution of this action can be provided to the Class members by direct mailing upon discovery of Defendants' files.

28. The expense and burden of individual litigation of a case of this magnitude make it impractical for individual Class members to seek redress for the wrongs done to them and therefore requires consolidation of all such claims in one action.

29. The claims of the named Plaintiff, as the Class Representative, are typical of the claims of the members of the Class.

30. Plaintiff will fairly and adequately protect the interests of the Class she represents. The interests of Plaintiff, as the Class Representative, are consistent with those of the members of the Class. In addition, Plaintiff is represented by experienced and able counsel who have represented Plaintiff classes in similar litigation.

31. Plaintiff and the class members envision no unusual difficulty in the management of this action as a Class action.

### FIRST CAUSE OF ACTION

(Restitution of FLSA Overtime Pay – On Behalf of the Nationwide Class)

32. Plaintiff incorporates the allegations contained in paragraphs 1 through 30.

33. The Fair Labor Standards Act, 29 U.S.C. section 201 et seq. ("FLSA"), states that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 per week.

34. Nationwide Class members regularly work more than 40 hours per week but are not paid overtime.

35. Nationwide Class-members do not meet the tests for exempt status under the FLSA.

### SECOND CAUSE OF ACTION

(Restitution of State Law Overtime Pay – On Behalf of the California Class; Unfair Competition - Business and Professions Code § 17200 et seq.)

36. Plaintiff incorporates the allegations contained in paragraphs 1 through 34.

37. California Wage Order 4-2001, 8 C.C.R. section 11040, states that an employee must

Complaint
-7-

1  be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in
2  excess of 40 per week and/or 8 per day.

3  37. California Class members regularly work more than 40 hours per week and/or 8 hours
4  per day but are not paid overtime.

5  38. During at least some portion of the Class Period, California Class members did not
6  meet the tests for exempt status under the California Wage Orders and the California Labor Code.

7  39. Defendant has committed an act of unfair competition under California Bus. & Prof.
8  Code section 17200 et seq. by not paying the required state law overtime pay to the members of the
9  California Class.

10 40. Pursuant to California Bus. & Prof. Code section 17203, plaintiff requests an order
11 requiring Defendant to make restitution of all state law overtime wages due to members of the
12 California Class in an amount to be proved at trial.

### THIRD CAUSE OF ACTION

(Recovery of State Law Overtime Pay – On Behalf of California Class)

41. Plaintiff incorporates the allegations contained in paragraphs 1 through 40.

42. Pursuant to California Labor Code section 1194, the members of the California Class are entitled to recover their overtime wages, plus interest, attorney's fees, and costs, in amounts to be proved at trial.

### FOURTH CAUSE OF ACTION

(Rest and Meal Breaks – By and On Behalf of California Class; Unfair Competition - Business and Professions Code § 17200 *et seq.*)

43. Plaintiff incorporates the allegations contained in paragraphs 1- 42.

44. Because Defendant treated the members of the California Class as exempt when they were really non-exempt, Defendant failed to provide these individuals with all of their required rest and meal breaks. As a result, under Labor Code section 226.7, the members of the California Class are entitled to one additional hour's pay for each day a rest or meal break was missed, in an amount to be proved at trial.

Complaint

-8-

45. Defendant has committed an act of unfair competition under California Bus. & Prof. Code section 17200 et seq. by not providing the required meal and rest breaks to the members of the California Class.

46. Pursuant to California Bus. & Prof. Code section 17203, plaintiff requests an order requiring Defendant to make restitution of all amounts due to members of the California Class as a result of Defendant's failure to provide meal and rest breaks.

## FIFTH CAUSE OF ACTION

(Failure to Provide Accurate Wage Statements – By and On Behalf of California Class; Unfair Competition - Business and Professions Code § 17200 *et seq.*)

47. Plaintiff incorporates the allegations contained in paragraphs 1- 46.

48. Pursuant to California Labor Code §226(a), each employer in California must furnish every employee an itemized wage statement in writing with each paycheck showing, *inter alia*, gross wages earned by the employee, total number of hours worked and deductions. Labor Code §226(e) provides that an employee who suffers injury as a result of the employer's intentional violation of §226(a) is entitled to the greater of fifty dollars or his or her actual damages for the first violation, and one hundred dollars for each subsequent violation, up to four thousand dollars, along with costs and reasonable attorneys fees.

49. Defendant failed to furnish Plaintiff and the California Class members with accurate and timely wage statements, as required by California Labor Code §226 in that none of the statements furnished to said employees contained an accurate statement of the employee's actual gross wages earned or the appropriate deductions.

50. As a result of Defendant's conduct as herein alleged, Plaintiff and the members of the California Class have been harmed in an amount to be proved at trial.

51. Defendant has committed an act of unfair competition under California Bus. & Prof. Code section 17200 et seq. by not providing accurate wage statements to the members of the California Class.

Complaint
-9-

52. Pursuant to California Bus. & Prof. Code section 17203, plaintiff requests an order requiring Defendant to make restitution of all amounts due to members of the California Class as a result of Defendant's failure to provide accurate wage statements.

### SIXTH CAUSE OF ACTION

(Restitution of Business Expenses – On Behalf of California Class; Unfair Competition - Business and Professions Code § 17200 *et seq.*)

53. Plaintiff incorporates the allegations contained in paragraphs 1 through 52.

54. The members of the California Class incurred necessary business-related expenses that were not reimbursed by Defendant, including, without limitation, training costs, travel costs, telephone charges, mailing costs, postage, subscriptions, office supplies, equipment, and other necessary business-related costs or expenses that resulted from their employment with Defendant.

55. Defendant's failure to reimburse these expenses violates California Labor Code section 2802, as well as Labor Code sections 221 and 400-410 as those sections have been interpreted by California case law. As such, Defendant has committed an act of unfair competition under California Bus. & Prof. Code section 17200 et seq. against members of the California Class.

56. Pursuant to California Bus. & Prof. Code section 17203, Plaintiff requests an order requiring Defendant to make restitution of all necessary business-related expenses due to members of the California Class in an amount to be proved at trial.

### SEVENTH CAUSE OF ACTION

(Waiting Time Penalties – By and On Behalf of California Class)

57. Plaintiff incorporates the allegations contained in paragraphs 1 through 56.

58. Defendant willfully and intentionally failed to pay Plaintiff and the other California Class members all of the wages they were due by the deadlines imposed under Labor Code sections 201 and 202. Accordingly, Plaintiff and the California Class members are entitled to waiting time penalties of up to 30 days' pay, in an amount to be proved at trial.

### PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

Complaint

-10-

1. For compensatory damages according to proof;
2. For an order requiring Defendant to make restitution of all wages, including overtime wages, meal and rest break liabilities, wage statement liabilities and business expenses, that were illegally withheld;
3. For interest according to proof;
4. For penalties as alleged herein;
5. For reasonable attorney's fees and costs of suit; and
6. For such other relief that the Court deems just and proper.

Dated: May 8, 2009                           HOFFMAN & LAZEAR


                                    By: _____
                                        H. TIM HOFFMAN
                                        Attorney for Plaintiff

Complaint
-11-