IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA ZINMAN, individually, and on behalf of all others similarly situated,<br><br>         Plaintiff,<br><br>    v.<br><br>WAL-MART STORES, INC.,<br><br>         Defendant.<br>_____/ | No. 09-02045 CW<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT (Docket No. 24) |

Plaintiff Sara Zinman charges Defendant Wal-Mart Stores, Inc., with violations of federal and state wage-and-hour laws.  She now moves for leave to amend her complaint.  Defendant opposes the motion.  The motion was taken under submission on the papers.  Having considered the papers submitted by the parties, the Court DENIES Plaintiff's motion.

                              BACKGROUND

Plaintiff, a California resident, filed her complaint on May 8, 2009.  She claims that, while employed by Defendant as a Merchandise Assistant for its walmart.com division, Defendant failed to compensate her for overtime, provide meal and break periods, reimburse her for expenses related to her job duties, and provide and maintain accurate itemized wage statements and time records.  In her operative complaint, she brings claims under

federal and state wage-and-hour laws and pleads that she intends to represent nation-wide and California classes of individuals who are or were employed by Defendant as Merchandise Assistants.

Beginning in August, 2009, the parties engaged in "First Phase Discovery" to prepare for private mediation. See Supp. Jt. Case Management Statement of March 30, 2010. Through this limited discovery, Plaintiff learned that "people performing the duties of merchandise assistant for Wal-Mart stores were classified and compensated properly." Mack Decl. ¶ 3. However, she claims to have discovered that employees for walmart.com, in "approximately 30 job titles," were erroneously classified as non-exempt employees.[1]  Mack. Decl. ¶ 4.

To include these reclassified employees in her action, Plaintiff moves for leave to amend her complaint to plead the following class definition:

> The Class is comprised of a group of individuals in 30 different positions who are currently or were employed by Wal-Mart in California as walmart.com employees within the applicable statutory period and who were mis-classified as exempt employees by Defendant.

Proposed Am. Compl., ¶ 20.  Plaintiff's proposed amended complaint

---

[1] The Mack Declaration, filed in support of Plaintiff's motion, states that these employees were "classified as non-exempt employees until approximately February 2009" and that "in February 2009 walmart.com reclassified these 30 job titles from non-exempt to exempt status." Mack Decl. ¶¶ 4-5. This characterization appears to be in error. William Davidovich, Defendant's Vice-President of Human Resources & Office Services, states that, in February, 2009, Defendant reclassified "approximately thirty other positions" and that "current and former employees" in these positions "received retroactive overtime payments for all overtime hours worked . . . ." Davidovich Decl. ¶¶ 6-7. The Court therefore understands Plaintiff to mean that Defendant reclassified the employees in the thirty positions from exempt to non-exempt status.

2

does not include a claim under the Fair Labor Standards Act and does not seek to certify a nation-wide class.

A case management order was entered on August 31, 2009, setting a deadline for mediation and scheduling a further case management conference. No other dates were set. According to the parties' most recent case management statement, the parties did not participate in mediation by March 31, 2010, as directed by the Court.

## DISCUSSION

Federal Rule of Civil Procedure 15(a) provides that leave of the court allowing a party to amend its pleading "shall be freely given when justice so requires." Leave to amend lies within the sound discretion of the trial court, which discretion "must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981) (citations omitted). Thus, Rule 15's policy of favoring amendments to pleadings should be applied with "extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

The Supreme Court has identified four factors relevant to whether a motion for leave to amend should be denied: undue delay, bad faith or dilatory motive, futility of amendment and prejudice to the opposing party. Foman v. Davis, 371 U.S. 178, 182 (1962). The Ninth Circuit holds that these factors are not of equal weight; "it is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Capital, 316 F.3d at 1048. "Absent prejudice, or a strong showing of any of the remaining

3

Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Id. (emphasis in original) (citation omitted).

Defendant argues that it would be futile for Plaintiff to amend her complaint. An amendment would be futile if it is legally insufficient. Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988). Futility, on its own, can warrant denying leave to amend. Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).

Defendant asserts that, because an amended complaint would not relate back to the date on which Plaintiff's original complaint was filed, members of the proposed new class could not state a basis upon which relief could be granted. "An amendment adding a party plaintiff relates back to the date of the original pleading only when: 1) the original complaint gave the defendant adequate notice of the claims of the newly proposed plaintiff; 2) the relation back does not unfairly prejudice the defendant; and 3) there is an identity of interests between the original and newly proposed plaintiff." In re Syntex Corp. Secs. Litig., 95 F.3d 922, 935 (9th Cir. 1996) (citing Besig v. Dolphin Boating & Swimming Club, 683 F.2d 1271, 1278-79 (9th Cir. 1982)). Syntex addressed the addition of party plaintiffs, who were to represent a newly proposed class comprised of individuals who had different interests from those in the class defined in the initial complaint. 95 F.3d at 935. Plaintiff does not persuade the Court that Syntex is materially distinguishable from this case. The principle underlying Syntex is that, to justify relation back, a prior complaint should give a defendant adequate notice of the claims brought in an amended

4

pleading.  See, e.g., Besig, 683 F.2d at 1271 (stating that notice "is the critical inquiry" in determining whether to apply relation-back doctrine); Percy v. S.F. Gen. Hosp., 841 F.2d 975, 979-80 (9th Cir. 1988) (discussing adequacy of notice).  Plaintiff seeks to expand her proposed class to include employees in thirty positions.  She does not argue that her operative complaint, which defined her class as those individuals who are or were employed by Wal-Mart as Merchandise Assistants, gave Defendant any notice that she intended to bring claims on behalf of employees in other positions.  See, e.g., Barnett v. County of Contra Costa, 2007 WL 196678, at *6 (N.D. Cal.) (holding that relation-back doctrine did not apply to plaintiff named in amended complaint who did not fall within scope of class as defined in first complaint).  Nor does she suggest that she has an identity of interests with these new class members.  Plaintiff offers no basis for her proposed amended pleading to relate back to the date of her original complaint.

Based on an April 29, 2010 filing date, there does not appear to be any basis upon which relief could be granted to members of the proposed class.  The class would not be eligible to recover penalties for the alleged wage-and-hour violations because of the one-year statute of limitations.  See Cal. Civ. Proc. Code § 340. Plaintiff does not dispute that, during the one-year period before April 29, 2010, the proposed class members were properly classified and cannot recover penalties based on misclassification.  Nor does Plaintiff suggest that, based on this filing date, these class members could seek restitution of overtime pay.  Because she cannot avail herself of the relation-back doctrine, permitting Plaintiff

5

1  to amend her complaint would be futile.

2      In addition, amendment would be futile because Plaintiff would
3  be unable to certify a class of "individuals in 30 different
4  positions who are currently or were employed by Wal-Mart in
5  California as walmart.com employees."  Proposed Am. Compl. ¶ 20.
6  Plaintiff offers no insight into the nature of these positions, let
7  alone any suggestion that she -- as the single named Plaintiff --
8  could satisfy the requirements of Rule 23 for a class of employees
9  in thirty different positions.

10     Plaintiff's vague and broad amended complaint would be futile.
11 Accordingly, leave to amend is not justified.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion for leave to file an amended complaint.  (Docket No. 24.)  A further case management conference is scheduled for September 7, 2010 at 2:00 p.m.

    IT IS SO ORDERED.

Dated: June 1, 2010

CLAUDIA WILKEN
United States District Judge

6