UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SARA ZINMAN, individually, and on behalf of all others similarly situated,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**WAL-MART STORES, INC., and DOES 1 through 100,**<br><br>**Defendants.** | **Case No. C09-02045 CW**<br><br>~~**[PROPOSED]**~~ **ORDER AND FINAL JUDGMENT** |

This matter came before this Court on the Plaintiff's Motion for Final Approval of Settlement ("Final Approval Motion") and the Plaintiff's Motion for approval of Class Counsel's attorneys' fees and costs associated with this action.

WHEREAS, a class action is pending before the Court entitled *Sara Zinman v. Wal-Mart Stores, Inc. et al*., Case No. C09-02045-CW;

WHEREAS, the Court has received and reviewed the Settlement Agreement entered into between the Named Plaintiff, the Class Representative and the Class Members, on the one hand, and Wal-Mart Stores, Inc. ("Wal-Mart"), on the other hand, dated June 21, 2011 (the "Settlement Agreement"), and has considered the terms of the proposed settlement set forth therein (the "Settlement");

WHEREAS, all terms contained herein shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein;

1    WHEREAS, on August 30, 2011, the Court entered its Order preliminarily approving the

2    Settlement of this class action, approving the form and method of notice, and setting a date and

3    time for a fairness hearing to consider whether the Settlement should be finally approved by the

4    Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, adequate, and

5    reasonable (the "Preliminary Approval Order");

6    WHEREAS, the Preliminary Approval Order further directed that all members of the

7    Settlement Class be given notice of the Settlement and of the date for the final fairness hearing;

8    WHEREAS, the Court has received the declaration of Andrew Morrison of Gilardi & Co.

9    LLC attesting to the mailing of the Notice in substantial accordance with the Preliminary

10   Approval Order;

11   WHEREAS, no objections to the settlement have been filed;

12   WHEREAS, the Court having conducted a final fairness hearing on January 5, 2011 (the

13   "Fairness Hearing"), and having considered the arguments presented, all papers filed and all

14   proceedings had therein;

15   IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

16   1.    The Court has jurisdiction over the subject matter of this action, all members of the

17   Settlement Class, and Defendant Wal-Mart Stores, Inc.

18   2.    In accordance with Rule 23 of the Federal Rules of Civil Procedure and the

19   requirements of due process, all members of the Settlement Class have been given proper and

20   adequate notice of the Settlement.  Based upon the evidence submitted by the parties, the

21   Settlement Agreement, the arguments of counsel, and all the files, records and proceedings in this

22   case, the Court finds that the Notice and notice methodology implemented pursuant to the

23   Settlement Agreement and the Court's Preliminary Approval Order (a) constituted the best

24   practicable notice under the circumstances; (b) constituted notice that was reasonably calculated

25   under the circumstances, to apprise members of the Settlement Class of the pendency of the

26   litigation, their right to object to the Settlement, and their right to appear at the Fairness Hearing;

27   (c) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to

28

[PROPOSED] ORDER AND FINAL
JUDGMENT
                                    - 2 -                          Case No. C09-02045 CW

1    notice; and (d) met all applicable requirements of Rule 23 of the Federal Rules of Civil

2    Procedure, and any other applicable law.

3        3.    The Settlement Agreement in this action warrants final approval pursuant to Rule

4    23(e) of the Federal Rules of Civil Procedure because it is fair, adequate, and reasonable to those

5    it affects, and resulted from vigorously contested litigation, including the significant exchange of

6    class related data and other documents, depositions, discovery related to mediation, numerous

7    damages assessments, and extensive good-faith arm's length negotiations between the parties,

8    including private mediation, and is in the public interest considering the following factors:

9            (a)    the strength of the plaintiff's case;

10           (b)    the risk, expense, complexity and likely duration of further litigation;

11           (c)    the risk of maintaining class action status throughout the trial;

12           (d)    the amount offered in settlement;

13           (e)    the extent of discovery completed, and the stage of the proceedings;

14           (f)    the experience and views of counsel; and

15           (g)    the reaction of the class members to the proposed settlement.

16   *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993). Settlements that follow

17   sufficient discovery and genuine arms-length negotiation are presumed fair. *Hanlon v. Chrysler*

18   *Corp.*, 150 F.3d l011, 1026 (9th Cir. 1998).

19       4.    The Final Approval Motion is hereby GRANTED, and the Settlement Agreement

20   is hereby APPROVED as fair, reasonable, and adequate.  The Parties are directed to consummate

21   the Settlement Agreement in accordance with its terms.

22       5.    The Court APPROVES payment of the Class Settlement Amount in accordance

23   with the terms of the Settlement Agreement.

24       6.    The Court APPROVES payment of Class Representative Incentive Award to Sara

25   Zinman in the amount of $5,000.00.

26       7.    The Court APPROVES payment of Attorneys' Fees in the amount of $100,000.00

27   and Costs in the amount of $5,843.18 to Class Counsel.  The Attorneys' Fees amount is equal to

28   the 25% "benchmark" award approved by the Ninth Circuit Court of Appeals for common fund

1    cases. *See In re Bluetooth Headset Prods. Liabilty Litig.*, — F.3d —, 2011 WL 3632604, *4 (9th

2    Cir. August 19, 2011). The amount requested by Class Counsel is also less than their lodestar fees

3    in this action.

4          8.      The Court APPROVES payment of costs to the Claims Administrator in the

5    amount of $6,955.00.

6          9.      Upon review of the docket of this action, the Court finds that no attorneys have

7    asserted any attorney liens as to the Attorneys' Fees and Costs awarded by the Court.

8          10.     The allocation plan is hereby APPROVED as fair, adequate, and reasonable.  The

9    Class Settlement Amount, Class Representative Incentive Award, and Attorneys' Fees and Costs

10   Amount shall be distributed in accordance with the terms of the Settlement Agreement and any

11   further Orders of this Court.

12         11.     The Litigation is DISMISSED WITH PREJUDICE and without costs to any Party,

13   other than as specified in the Settlement Agreement and this Order.

14         12.     In consideration of the Class Settlement Amount, and for other good and valuable

15   consideration, each of the Releasing Class Members shall, by operation of this Judgment, have

16   fully, finally, and forever released, relinquished, and discharged all Class Member Released

17   Claims against Wal-Mart in accordance with Section 8 of the Settlement Agreement and the First

18   Addendum to the Settlement Agreement, shall have covenanted not to sue Wal-Mart with respect

19   to all such Class Member Released Claims, and shall be permanently barred and enjoined from

20   instituting, commencing, prosecuting or asserting any such Class Member Released Claim against

21   Wal-Mart.

22         13.     This Judgment is the Final Judgment in the suit as to all Class Member Released

23   Claims.

24         14.     Without affecting the finality of this Judgment in any way, this Court retains

25   jurisdiction over (a) implementation of the Settlement and the terms of the Settlement Agreement;

26   (b) distribution of the Class Settlement Amount, the Class Representative Incentive Award, and

27   the Attorneys' Fees and Costs Amount; and (c) all other proceedings related to the

28   implementation, interpretation, administration, consummation, and enforcement of the terms of

[PROPOSED] ORDER AND FINAL
JUDGMENT
                    - 4 -                    Case No. C09-02045 CW

1  the Settlement Agreement and/or the Settlement, and the administration of Claims by Settlement

2  Class Members.  The time to appeal from this Judgment shall commence upon its entry.

3      15.    In the event that the Settlement Effective Date does not occur, this Judgment shall

4  be rendered null and void and shall be vacated, *nunc pro tunc*, except insofar as expressly

5  provided to the contrary in the Settlement Agreement, and without prejudice to the status quo ante

6  rights of Plaintiff, Settlement Class Members, and Wal-Mart.

7      16.    This Court finds that there is no just reason for delay and expressly directs

8  Judgment and immediate entry by the Clerk of the Court.

9      **IT IS SO ORDERED.**

10      Dated this  6th  day of  January ____, 2012.

11                          BY THE COURT:

12

13                          _____
                            The Honorable Claudia Wilken